**XIAO ZHEN WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4807–ag.**

United States Court of Appeals, Second Circuit.

Oct. 17, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Gerald Karikari of Counsel to Fengling Liu, New York, NY, for Petitioner.

Rodger A. Heaton, United States Attorney, Central District of Illinois; Hilary W. Frooman, Assistant United States Attorney, Urbana, Illinois, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Zhen Wang, a native and citizen of the People's Republic of China, seeks review of an August 18, 2004 order of the BIA affirming the February 26, 2003 decision of Immigration Judge ("IJ") Alan Vomacka denying petitioner's application for asylum, withholding of removal,

and relief under the Convention Against Torture. *In re Xiao Zhen Wang,* No. A 78 746 839 (B.I.A. Aug. 18, 2004), *aff'g* No. A 78 746 839 (Immig. Ct. N.Y. City Feb. 26, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). *See also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Substantial evidence supports the IJ's adverse credibility ruling, despite some flaws in his reasoning, and considering both those factors that the IJ found to be the "clearest and most objective" indications that Wang's story was "fabricated." First, the IJ correctly noted that Wang's written application, her boyfriend's statement, and her father's statement, all omitted any specific date for the "two most important events, the abortion and the insertion of the IUD." The IJ reasonably found it implausible that three people could write independent statements with-

out one of them mentioning one of these important dates.

Moreover, the IJ properly supported his adverse credibility finding with the statements provided by Wang's father and brother, which contained language highly similar to Wang's own I–589 addendum. *Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (finding substantial evidence supported the IJ's adverse credibility determination where the IJ's finding rested, in part, on the nearly identical language in affidavits proffered in support of an asylum application, allegedly provided by different people in the applicant's home country). Further, Wang's argument that the IJ failed to explain why her letters should be different, is unavailing. The IJ specifically asked Wang whether she sent her boyfriend a copy of her asylum statement when she asked him to send a letter in support of her application, and she denied doing so. Yet the record reveals that the IJ placed the two documents side by side and was able to point out the numerous highly similar or identical passages between them.

We conclude that the material and substantial omissions and inconsistencies identified in the record amounted to substantial evidence to support the IJ's adverse credibility finding. *See Xiao Ji Chen,* 434 F.3d at 162; *Cao He Lin,* 428 F.3d at 395. Because the only evidence of a threat to Wang's life or freedom depended upon her credibility with respect to her family planning claim, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Lastly, because Wang fails to raise the issue of the IJ's denial of her CAT claim in her petition for review, any challenge to the resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Wang's pending motion for a stay of removal in this petition is DENIED as moot.